# EXHIBIT A

| | |
|---|---|
| Taren Atkinson<br>324 River St.<br>Duryea, PA 18642,<br><br>               Plaintiff<br>   v.<br><br>Elan Financial Services<br>800 Nicollet Mall<br>Minneapolis, MN 55402,<br><br>               Defendant | IN THE LUZERNE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No. 201611676<br><br>Jury Trial Demanded |

## NOTICE

     YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

## AVISO

     A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA

OFICINA PUEDE PROVEERLE CON INFORMACIóN SOBRE COMO CONTRATAR UN ABOGADO.

SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIóN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

North Penn Legal Services, Inc.
33 N. Main Street,
Suite 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Toll free
(570) 824-0001 Fax

Servicios Legales de North Penn, Inc.
33 la Calle Main del Norte, Oficina 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Llamada gratuita
(570) 824-0001 Fax

| | |
|---|---|
| Taren Atkinson,<br>            Plaintiff<br><br>v.<br><br>Elan Financial Services,<br>            Defendant | IN THE LUZERNE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III. PARTIES

4. Plaintiff is a natural person residing at 324 River St., Duryea, PA 18642.

5. Defendant, Elan Financial Services, is a corporation with a place of business located at 800 Nicollet Mall, Minneapolis, MN 55402. At all relevant times, Defendant placed calls to individuals in this state.

IV.  STATEMENT OF CLAIM

6.  Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

7.  Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8.  Plaintiff has a cellular telephone number that she has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

9.  At all relevant times this phone number has been assigned to a cellular telephone service.

*Count 1- Violation of the Act*

10.  The foregoing paragraphs are incorporated herein by reference.

11.  Congress enacted the Act to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

12.  Defendant caused to be made an unknown number of calls to Plaintiff's cell phone number.

13.  Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

14.  Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

IV.  STATEMENT OF CLAIM

6.  Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

7.  Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8.  Plaintiff has a cellular telephone number that she has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

9.  At all relevant times this phone number has been assigned to a cellular telephone service.

*Count 1- Violation of the Act*

10.  The foregoing paragraphs are incorporated herein by reference.

11.  Congress enacted the Act to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

12.  Defendant caused to be made an unknown number of calls to Plaintiff's cell phone number.

13.  Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

14.  Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

15. Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

16. The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

17. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

18. These telephone calls were not made with the Plaintiff's prior express consent.

19. These telephone calls were placed while Plaintiff was in the United States.

20. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiff's cellular telephone number.

21. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

22. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

V.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Brett M. F.*

Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

## Verification of Complaint and Certification
## by Plaintiff Taren Atkinson

Plaintiff, Taren Atkinson, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 16, 2016.

Taren Atkinson, Plaintiff